# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

HOWARD J. LEWIS, III                                                                      PLAINTIFF

v.                                No. 4:09CV00859 JLH

COMCAST CORPORATION, d/b/a
COMCAST CABLE COMMUNICATIONS
OF PENNSYLVANIA, INC.; COMCAST
OF LITTLE ROCK, INC.; and COMCAST
OF ARKANSAS/FLORIDA/LOUISIANA/
MINNESOTA/MISSISSIPPI/TENNESSEE, INC.                 DEFENDANTS

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Plaintiff Howard J. Lewis, III and Defendant Comcast Corporation, by and through their counsel, enter into this Confidentiality Agreement and thereby agree to the following terms and conditions:

### Definitions

1. As used in this Confidentiality Agreement, "Confidential Information" shall mean documents and information concerning (i) personnel-related records; (ii) financial records, payroll records, revenues, profits and losses; (iii) internal communications about any confidential or proprietary matter related to this action; (iv) customer information; (v) medical records; (vi) and any other information the confidentiality or privacy of which is protected by statute. Use of Confidential Information during the course of this action shall be governed by this Confidentiality Agreement.

### Procedure for Identification of Confidential Information

2. The designation of information as Confidential shall be made by placing or affixing on the designated information, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL." The designation of information as Confidential shall be made prior to, or

contemporaneously with, the production or disclosure of said information. However, should the disclosing party discover after disclosure that the word "CONFIDENTIAL" was omitted inadvertently from a document or documents, then upon written notice of same, the other party shall return all such documents. The disclosing party shall then mark the returned documents as "CONFIDENTIAL" and produce them to the other party within seven (7) business days of the disclosing party's receipt of same.

   3. A party may designate as "CONFIDENTIAL" portions of any deposition transcript wherein Materials designated as "CONFIDENTIAL" are identified, discussed, or disclosed. Portions of a deposition transcript so designated will be subject to the terms of this Confidentiality Agreement. The designation must be made on the record during the deposition or by letter sent by facsimile to opposing counsel within ten business days after receipt of the transcript. The portions of a deposition transcript that mention or discuss Materials designated as "CONFIDENTIAL" must be treated as "CONFIDENTIAL" and therefore subject to this Confidentiality Agreement until 5:00 p.m. Central Time on the tenth business day after receipt of the transcript. All portions of the deposition transcript not designated as "CONFIDENTIAL" by 5:00 p.m. Central Time on the tenth business day after receipt of the transcript are excluded from the protections of this Confidentiality Agreement.

### Effect of Designation as Confidential

   4. Information designated as Confidential under this Confidentiality Agreement shall not be used or disclosed by any party, counsel for any party, expert witness, consultant, or their employees, or by anyone who gains access to such information hereunder, for any purpose whatsoever other than in connection with discovery, a summary judgment motion, preparation for

and trial of this action, and any appeal therein.

5. Each party or Counsel for each party who obtains information designated as Confidential under this Confidentiality Agreement shall not disclose or permit disclosure of this information to any person or entity other than the following: (i) the specific attorneys of record for the parties; (ii) office personnel employed by attorneys of record for the parties to the extent necessary to assist in discovery, trial preparation or motion practice; (iii) expert witnesses who may be used in preparation for any hearing or trial of this action; (iv) the named parties in this action; and (v) witnesses with actual or imputed knowledge of the information contained in the designated Confidential Information.

6. Nothing contained in this Confidentiality Agreement shall preclude any party from: (i) designating that party's own information as Confidential; (ii) using that party's own Confidential Information in the regular course of its business; or (iii) revealing that party's own Confidential Information to whomever it chooses.  However, this Paragraph shall not be interpreted as allowing any party to: (i) designate the opposing party's information as Confidential; (ii) use the opposing party's Confidential Information in the regular course of business; or (iii) reveal the opposing party's Confidential Information to anyone, except as set forth herein.

### Additional Provisions

7. This Agreement is effective on the earliest date set forth below.

8. Should any portion of this Agreement be deemed unenforceable, the portion of the Agreement shall not invalidate the remainder of the provision, the section, or the entire Agreement.

9. Jurisdiction to determine any dispute arising out of this Agreement after termination of this action shall be retained by the presiding court.

10. All Confidential Information produced hereunder shall be retained in the possession and control of counsel receiving such Confidential Information in such a manner as to preserve its confidential nature. Such Confidential Information shall not be used for any purposes by the parties, or on their behalf, other than in connection with this proceeding (and any subsequent appeal) and shall not be disclosed to any person or entity by any party or their counsel, except as provided herein.

11. Information designated as Confidential under this Agreement shall not be reproduced in any capacity without the express written authorization of the party who originally produced the document(s). Prior to filing Confidential documents of the designating party in support of any Motion to the Court, counsel for the parties will consult and, if necessary, seek to file Confidential documents under seal as governed by the Local Rules.

12. Upon the termination of this action, including all appeals, after receiving a written request, each party's counsel will return to opposing counsel all documents and all copies of documents produced hereunder which contain Confidential Information within 14 days of receipt of the written request.

13. Nothing herein shall be deemed as an acknowledgment by the opposing party of the propriety of confidentiality as to any document designated confidential hereunder. Any party may file an appropriate motion with the Court challenging the designation of any document as confidential. However, until an appropriate order is entered on said motion, the confidentiality of the document shall be preserved in accordance with this Agreement.

14. Information designated as Confidential under this Confidentiality Agreement will only be used at trial after consultation with the Court concerning appropriate procedures to protect against public disclosure of such information.

15. All changes to this Confidentiality Agreement should require Court approval.

IT IS SO ORDERED this 9th day of November, 2010.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

*/s/ Brian C. Hogue*
BRIAN C. HOGUE
Arkansas Bar. No. 2010028
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas  72201-3699
Telephone:  (501) 371-0808
Facsimile:  (501) 376-9442
Email: bhogue@wlj.com

ATTORNEY FOR PLAINTIFF

*/s/ Timothy H. Scott*
TIMOTHY H. SCOTT
Louisiana Bar No. 21373
FISHER & PHILLIPS LLP
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana  70170
Telephone:  (504) 522-3303
Facsimile:  (504) 529-3850
Email: tscott@laborlawyers.com

AND

*/s/ David M. Donovan*
DAVID M. DONOVAN
Arkansas Bar No. 81184
WATTS, DONOVAN & TILLEY, P.A.
Arkansas Capital Commerce Center
200 South Commerce Street,  Suite 200
Little Rock, Arkansas  72201-1769
Telephone:  (501) 372-1406
Facsimile:  (501) 372-1209
Email: david.donovan@wdt-law.com

ATTORNEYS FOR DEFENDANTS